IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00330-FL

**Muminatou Bah**,

    Plaintiff,

v.

**Sampson Bladen Oil Company, Inc. d/b/a Han-Dee Hugo's**,

    Defendant.

**Order**

    Plaintiff Muminatou Bah identified Dr. Michael J. Fitch as someone who had provided her with care for injuries she allegedly suffered because of the actions of Defendant Sampson Bladen Oil Company, Inc. (otherwise known as Han-Dee Hugo's). Han-Dee Hugo's served Dr. Fitch with a subpoena requiring him to appear at a deposition on June 10, 2024. But Dr. Fitch neither appeared at the deposition, nor contacted Han-Dee Hugo's attorneys.

    Han-Dee Hugo's then asked the court to compel Dr. Fitch to appear at a deposition and to sanction him for disregarding the subpoena. Although Han-Dee Hugo's mailed a copy of its motion to Dr. Fitch, he never responded to it.

    With a few exceptions not relevant here, the Federal Rules of Civil Procedure allow a party to "depose any person . . . without leave of court[.]" Fed. R. Civ. P. 30(a)(1). The Federal Rules also allow a party to compel a person to attend a deposition by serving them with a subpoena. *Id.* In that event, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* 45(g).

The record establishes that Han-Dee Hugo's properly served Dr. Fitch with the deposition subpoena.[1] Dr. Fitch has provided no excuse, let alone an adequate one, excusing his failure to obey that document. As a result, the court would be justified in holding Dr. Fitch in contempt. Yet "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]" Fed. R. Civ. P. 45 Advisory Committee Note to 2013 Amendment. So the court will refrain from holding Dr. Fitch in contempt or otherwise sanctioning him. But if Dr. Fitch ignores this order or any subpoena issued because of it, he may be subject to sanctions, including a finding of contempt and related penalties.

Thus Han-Dee Hugo's motion to compel (D.E. 39) is granted. The court orders that Dr. Michael J. Fitch must appear for a deposition at the location listed in the deposition subpoena at a date and time selected by Han-Dee Hugo's attorneys. Upon receipt of this order, Dr. Fitch must promptly contact Han-Dee Hugo's attorneys to arrange for the deposition. Unless the parties and Dr. Fitch agree otherwise in writing, the deposition must occur within 14 days from the date of entry of this order. The court expects that Han-Dee Hugo's counsel will work cooperatively with Dr. Fitch and opposing counsel to find a mutually agreeable time for the deposition. If there is a dispute over scheduling, Han-Dee Hugo's counsel should notify the undersigned's case manager and the court will set a hearing to resolve that dispute.

The Clerk of Court must send a copy of this order to Dr. Fitch at the address listed on the Certificate of Service on Han-Dee Hugo's motion. The Clerk of Court should also forward a copy of this order as well as the subpoena to the United States Marshal's Service for personal service on Dr. Fitch.

---

[1] The Subpoena's Proof of Service page states that a process server delivered the Subpoena to the Human Resources Director for Galatians Community Health, who could accept service for Dr. Fitch. D.E. 39-2 at 2.

Dated: August 6, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge