IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CA No.: 5:23-cv-00330-FL-RN

MUMINATOU BAH,

    *Plaintiff*,

v.

SAMPSON BLADEN OIL COMPANY, INC.
D/B/A HAN-DEE HUGO'S,

    *Defendant*.

**ORDER GRANTING
DEFENDANT'S MOTION TO SEAL**

    **THIS MATTER** is before the Court upon Defendant's Motion to Seal certain documents filed in connection with Defendant's Motion for Summary Judgment [Dkt. 57], pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Local Rules 7.1 and 79.2, and the Protective Order Regarding Confidentiality of Documents entered on February 16, 2024, [Dkt. no. 21] ("Motion"). [Dkt. 65].

    The Court has reviewed the unredacted versions of the exhibits Defendant proposes to file under seal, as well as the submissions of counsel, and finds that:

    1.    While parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1), the Court is afforded the authority to require special handling of information gathered during discovery, Fed. R. Civ. P. 26(c). This authority, however, is constrained by the public's right of access to judicial records. *See Rushford v. New Yorker Mag*., Inc., 846 F.2d 249, 252 (4th Cir. 1988) (applying the First Amendment right of access standard to summary judgment filings because they "adjudicate[] substantive rights and serve[] as a substitute for a trial"). Under the First Amendment and common law,, the public enjoys a qualified right of access, not an absolute

1

right. *Id.* at 253; *see also In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir.1986).

2. Upon reviewing the underlying submissions of counsel, it appears to the Court that, while the parties consent to sealing the specific documents identified in Defendant's Motion, the parties maintain differing opinions as to the proper interpretation of the scope of the Protective Order Regarding Confidentiality of Documents ("Protective Order"), in effect for this matter, [Dkt. 21].

   a. Specifically, Plaintiff maintains that all "documentation relating to payroll, medical, disciplinary, or Plaintiff's termination," should be filed under seal whereas Defendant argues that only a certain subset of the documents it produced in discovery and marked as "Confidential" should be either sealed in full or redacted accordingly.

   b. In contrast, Defendant proposes to seal or redact only those documents which it identifies as containing confidential business information and sensitive notes and evidence from internal company investigations which contain third-party personally identifiable information. [Dkt. 66]. However, Defendant has filed the documents it understands Plaintiff contends should be sealed as provisionally under seal out of an abundance of caution and pending relief from this Court.[1]

3. Defendant asks this Court to seal or allow redactions of the following documents, Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 15, 19, 21, and 29 as follows:

---

[1] Plaintiff has not filed a motion to seal any additional documents as required to maintain such documents under seal. *See* Electronic Case Filing Administrative Policies and Procedures Manual (Section V.G.1.(e)(ii)). Accordingly, any exhibits not specifically referenced in this order shall be unsealed upon entry of this order. See id. (Section V.G.1(e)(iii)).

- Exhibit 1 – Exhibit C attached thereto – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 2 – Exhibit A – redacted to the extent they contain personally identifiable information of discipline of third-party employees not involved in the litigation; Exhibits B, C, D, and F – redacted to the extent they contain personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 3 – Exhibits A, B, and C attached thereto – redacted to the extent they contain personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 4 – Last interrogatory response – redacted to the extent it contains health discussions and/or diagnoses.

- Exhibit 5 – redacted to the extent it contains or discusses claims of discrimination or harassment raised by other employees.

- Exhibit 7 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 8 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 9 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 10 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 12 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 15 – sealed in full.

- Exhibit 19 – redacted to the extent it discusses profitability of certain stores.

- Exhibit 21 – sealed in full.

- Exhibit 29 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

4. Defendant contends that, while relevant to its Motion for Summary Judgment, these documents contain, among other things, commercially sensitive business information and strategic analyses, as well as personally-identifiable information for certain third party employees who are not parties to this matter and investigation into potentially criminal conduct.

5. After consideration of the foregoing, it appears to the Court that good cause exists for granting the Motion and sealing or allowing the redaction of the documents specifically identified in Defendant's Motion. Defendant has sufficiently established that those items contain Confidential Information, as defined by the Protective Order, and sealing such documents is both necessary and appropriate and no adequate alternative means to sealing exists.

6. Although the First Amendment right to access judicial records is a strong and important right, the right is not absolute. *Doe v. Pub. Citizen*, 749 F.3d 246, 268-69 (4th Cir. 2014). Where a movant establishes an overriding interest based on findings that [sealing] is essential to preserving a higher value, then sealing may be appropriate. *See Mitcheson v. Mistylou Invs., LLC*, No. 7:23-CV-1587-D, 2023 WL 8374732, at *1 (E.D.N.C. Dec. 4, 2023). This principle is equally as true when the documents proposed for sealing contain information which is protected by countervailing statutes expressing a state policy in favor of sealing certain items. *See Stone v. Univ.*

*of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988).

7. Defendant has established that the documents it asks to be sealed contain sensitive and confidential information of a nature sufficient enough to overcome the First Amendment and common law's presumption of access, including internal business information and confidential information relating to personnel investigations involving third-parties. Defendant has further established that the presumption of access and alternative methods to sealing are adequately accounted for here as Defendant has proposed to narrowly redact certain documents to the extent feasible in order to protect their identified interests while allowing the remainder of the document to be publicly filed. The Court is satisfied that Defendant has met its burden warranting such relief.

8. **THEREFORE**, the Court hereby **GRANTS** the Motion and **HEREBY SEALS** indefinitely the documents, as identified below:

- Exhibit 1 and Exhibit C attached thereto – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 2 and Exhibit A – redacted to the extent they contain personally identifiable information of discipline of third-party employees not involved in the litigation; Exhibits B, C, D, and F attached thereto – redacted to the extent they contain personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 3 and Exhibits A, B, and C attached thereto – redacted to the extent they contain personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 4 – Last interrogatory response – redacted to the extent it contains health discussions and/or diagnoses.

- Exhibit 5 – redacted to the extent it contains or discusses claims of discrimination or harassment raised by other employees.

- Exhibit 7 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 8 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 9 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 10 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 12 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

- Exhibit 15 – sealed in full.

- Exhibit 19 – redacted to the extent it discusses profitability of certain stores.

- Exhibit 21 – sealed in full.

- Exhibit 29 – redacted to the extent it contains personally identifiable information of third-party employees implicated in Store 80 investigation.

9. **FURTHER**, the Court hereby **ORDERS** that the redacted versions of the documents Defendant contends are more appropriate alternatives to sealing, and the redacted versions of Exhibits 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 19, and 29 shall be unsealed and made available on the public docket. The full unredacted versions of those documents shall remain sealed.

10. The Clerk is DIRECTED to unseal those exhibits not ordered sealed herein.

**SO ORDERED**, this the 26th day of December, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge