IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-330-FL

| | |
|---|---|
| MUMINATOU BAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SAMPSON BLADEN OIL COMPANY, ) | |
| INC. D/B/A HAN-DEE HUGO'S, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion to seal plaintiff's response in opposition to defendant's statement of undisputed material facts, plaintiff's response in opposition to defendant's motion for summary judgment, and unredacted exhibits submitted in support of her response in opposition to defendant's motion for summary judgment. (DE 72). The motion is filed with defendant's consent. For the following reasons, the motion is granted in part and denied in part without prejudice.

**BACKGROUND**

Plaintiff initiated this case with complaint filed June 16, 2023. After extension of time, defendant answered September 25, 2023. Upon joint motion by the parties, the court entered a protective order February 16, 2024, (the "protective order"). (DE 21). The protective order provides inter alia that any "confidential information," as defined by the protective order, may be designated as such by the producing party. (Id. ¶ 11). Relevant here, the protective order defines "confidential information" as:

> [A]ny confidential, proprietary, or financial business information, trade secrets, or any information subject to a legally protected right of privacy or a confidentiality agreement with a third party, in each case regardless of form or media, and regardless of whether oral or written, including, but not limited to:
> (a) . . .
> (b) personnel records about Plaintiff and Defendants' current or former employees, including but not limited to, records related to time worked and pay, income tax records, and documents containing spouse and other dependent information;
> (c) all personally identifiable information, including, but not limited to, names, dates of birth, addresses, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments, financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income);
> (d) . . .
> (e) proprietary business or financial data regarding corporate entities, or other commercially sensitive information, including, but not limited to, Confidential Information obtained from a Non-Party pursuant to a current Nondisclosure Agreement;
> (f) non-publicly available information relating to future opportunities and/or plans, including strategic plans, marketing information, financial information, transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the Disclosing Party, and
> (g) . . .

(Id. ¶ 1).

Defendant filed motion for summary judgment and statement of material facts November 20, 2024. Plaintiff filed provisionally under seal response in opposition to defendant's statement of undisputed material facts (DE 69), response in opposition to defendant's motion for summary judgment (DE 70), and two unredacted exhibits: a declaration by plaintiff and the deposition transcript of Melanie Baporis ("Baporis") (DE 71), January 15, 2025. The same day, plaintiff filed the instant motion seeking to seal these filings. Plaintiff also filed redacted versions of her response in opposition to defendant's motion for summary judgment (DE 74), plaintiff's declaration (DE 74-4), and Baporis's deposition (DE 74-6). Defendant consents to the instant motion to seal.

**COURT'S DISCUSSION**

A.    Standard of Review

"The common law presumes a right to inspect and copy judicial records and documents." Stone v. Univ. Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). This "presumption of access may be overcome if competing interests outweigh the interest in access." Id. "Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Id. "[T]he First Amendment guarantee of access has been extended only to particular judicial records and documents," including "documents filed in connection with [a] summary judgment motion." Id.

This Court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). "Under Knight, a court must first give the public notice of a request to seal and a reasonable opportunity to challenge it," and "must consider less drastic alternatives to sealing." Stone, 855 F.2d at 181.

B.    Analysis

Here, plaintiff requests the documents in question "be sealed because they contain private, sensitive, or confidential information which is competitively sensitive and considered by [d]efendant to be a trade secret as defined by North Carolina law." (Pl.'s Mem. Supp. Mot. Seal (DE 73) at 6) (citing N.C. Gen. Stat. § 66-152(3)). The necessity of sealing information that is competitively sensitive and a trade secret is expressly recognized in North Carolina's Trade Secrets Protection Act, which authorizes the courts to take actions to protect trade secrets, including sealing the records which are considered a trade secret. N.C. Gen. Stat. § 66-156.

3

Where state law mandates the confidentiality of a document, the court must determine whether the right of access outweighs the public policy expressed in the state statutes. Stone, 855 F.2d at 181. In the case of competitively sensitive information here, the state's interest in preserving defendant's trade secrets outweighs the public's right to access the information.

However, the court "must consider less drastic alternatives to sealing." Stone, 855 F.2d at 181. Plaintiff has filed redacted versions of her response in opposition to defendant's motion for summary judgment (DE 74), her declaration (DE 74-4), and Baporis's deposition (DE 74-6). These documents satisfy the First Amendment because they allow public access to the judicial records, except for the specific portions containing confidential information. See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 294 (4th Cir. 2013) (listing releasing a redacted version is an acceptable alternative to sealing). Releasing redacted versions of these documents on the public docket is narrowly tailored to serve the state's compelling interest in protecting trade secrets while maintaining public access to judicial documents. Accordingly, plaintiff's motion is granted as to the unredacted versions of plaintiff's response in opposition to defendant's motion for summary judgment, plaintiff's declaration, and Baporis's deposition.

However, plaintiff has not filed a redacted version of her response in opposition to defendant's statement of undisputed facts, which contains information that is not protected by North Carolina's Trade Secrets Protection Act. Accordingly, plaintiff has not satisfied the "public's right of access," with respect to this document. Knight, 743 F.2d at 235. Accordingly, plaintiff's motion is denied without prejudice as to this unredacted document.

## CONCLUSION

For the reasons stated, plaintiff's motion to seal (DE 72) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. It is GRANTED as to plaintiff's response in

opposition to defendant's motion for summary judgment (DE 70) and as to plaintiff's unredacted exhibits (DE 71). It is DENIED WITHOUT PREJUDICE as to plaintiff's response in opposition to defendant's statement of undisputed material facts (DE 69). The parties are DIRECTED to confer and file a redacted version of the same within 14 days of entry of this order. Plaintiff's proposed sealed response (DE 69) shall remain provisionally under seal pending further order of this court.

SO ORDERED, this the 21st day of January, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge